UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DUANE GREEN,

     Petitioner,

     v.

WARDEN, FCI-LEWISBURG,

     Respondent.

CIVIL ACTION NO. 3:25-cv-02150

(SAPORITO, J.)

## ORDER

Duane Green, a prisoner incarcerated at FCI-Lewisburg, proceeds on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). He contends that the Bureau of Prisons ("BOP") has improperly failed to apply his earned time credits under the First Step Act ("FSA") by denying him an individualized review of his risk of recidivism. Because he has failed to exhaust administrative remedies, the petition will be dismissed.

## I. BACKGROUND

On October 28, 2024, in the United States District Court for the Northern District of West Virginia, Green was sentenced to 24 months imprisonment following a conviction for distribution of a controlled substance in or near a school zone. *See United States v. Green*, No. 5:19-

CR-00040 (Doc. 792) (N.D. W.Va.). He filed this petition on November 13, 2025, at which time his projected release date was October 24, 2026. He had participated in recidivism reduction programming and received a conditional date of June 15, 2026, for placement in pre-release custody; however, he received a PATTERN recidivism score of medium, making him ineligible for expedited placement in pre-release custody pursuant to 18 U.S.C. § 3624(g)(1)(D)(i)(I).

Green contends that notwithstanding this score, he has not received an "individualized determination" of his eligibility required by another provision of the statute. He alleges that he "attempted administrative relief through the BOP Administrative Remedy Program," but the respondent has "refused to recalculate or apply his earned credits or adjust his prerelease date." He requests that the respondent be ordered to conduct this individualized determination, order "proper recalculation and application" of his time credits, and order his immediate release to a residential reentry center or to home confinement, among other relief.

## II.    DISCUSSION

The FSA generally allows inmates who complete evidence-based recidivism programming or other "productive activities" to receive earned

time credits toward expedited placement in pre-release custody. *See* 18 U.S.C. § 3632(d)(4)(A). Among other prerequisites for expedited placement, the inmate must have a "minimum" or "low" recidivism risk each of the last two times he was assessed, as determined under the PATTERN risk system[1], which "assigns a recidivism risk score of minimum, low, medium, or high risk." *See* 18 U.S.C. § 3624(g)(1)(D); *Brennerman v. Warden, FCI-Allenwood Low*, No. 3:24-CV-2029, 2025 WL 52469, at *1 (M.D. Pa. Jan. 8, 2025).

If an inmate cannot meet this recidivism-risk requirement, he can petition the warden to be considered on an individualized basis for placement in prerelease custody. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II). If the warden determines that a prisoner "would not be a danger to society if transferred to prerelease custody or supervised release," has made "a good faith effort to lower their recidivism risk through participation in recidivism reduction programs or productive activities," and is "unlikely to recidivate," the inmate will satisfy the recidivism-risk requirement.

---

[1] The "Prisoner Assessment Tool Targeting Estimated Risk and Needs" ("PATTERN") risk score was developed as prescribed in the FSA, and accounts for factors such as an inmate's prior crimes, history of violence, and incident reports in prison, among other factors. *See* 18 U.S.C. § 3632; (Doc. 6-6).

*Id.*; *see also* 28 C.F.R. § 523.44(c)(2).

In this case, Green's petition must be dismissed because the record shows that he has not exhausted administrative remedies. An inmate seeking habeas relief pursuant to section 2241 must generally exhaust the BOP's administrative remedy process. *See Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)); 28 C.F.R. §§ 542.10-18. Exhaustion may be excused if "the issue presented involve[s] only statutory construction," *Vasquez*, 684 F.3d at 434, or "if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (unpublished); *see also Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("[a]n exception is made [to the exhaustion requirement] only if there is no opportunity to obtain redress . . . [or] if the corrective process is so clearly deficient as to render futile any effort to obtain relief").

Green argues that exhaustion must be excused as "unavailable, inadequate, and futile" because "the remedy process routinely takes 6-12 months to complete" and he asserts an entitlement to prerelease custody before that time elapses. However, "district courts within the Third

Circuit have repeatedly rejected the argument that an inmate can be excused from the exhaustion requirement simply because his projected release date is approaching." *Meadows v. Warden, FCI-Allenwood Low*, No. 3:24-CV-952, 2024 WL 3871810, at \*2 (M.D. Pa. Aug. 19, 2024) (listing cases). To the extent Green argues that exhaustion is futile because the BOP has "taken a fixed legal position" that petitions from medium-risk inmates can never be granted, the record of this case lacks evidence to support that assumption. *See* (Doc. 6 at 4, 18-19) (citing BOP Program Statement 5410.01 at 15) (requiring that "the Warden will consult with the Regional Director before approving an inmate under [28 C.F.R. § 523.44(c)(2)], unless an exemption is granted by the Regional Director . . . ").

Ultimately, the relevant statute provides that the method for an inmate with a medium-risk recidivism score to seek an "individualized determination" is to petition the warden. Green has not done so.[2] He

---

[2] Despite his vague allegation that he "attempted administrative relief," Green does not dispute the BOP's evidence showing that he has never filed an administrative remedy while in BOP custody. *See* (Doc. 6-2, ¶ 4; Doc. 6-4). Regardless, he has not alleged that he requested the "individualized determination" of his recidivism risk that he now claims he was denied.

cannot bypass administrative remedies to obtain such relief from a federal court when the statute explicitly requires him to request it from the warden. *See, e.g., Jells v. Warden of FPC Schuylkill*, No. 1:25-CV-02260, 2026 WL 406463, at *4-5 (M.D. Pa. Feb. 13, 2026); *Chandler v. United States*, No. 3:25-1248, 2025 WL 3270524, at *4-5 (M.D. Pa. Nov. 24, 2025); *Fowler v. Wertzman*, No. 4:23-CV-00290, 2023 WL 4853720, at *2 (M.D. Pa. July 28, 2023) ("This exception to the minimum- or low-recidivism-risk precondition requires an inmate to directly petition the warden, and therefore by statute (and regulation) demands administrative exhaustion.").

## III. CONCLUSION

Because Green has not exhausted administrative remedies, his petition will be dismissed. Green has also sought to amend his petition to add an apparently unrelated claim arising from a disciplinary sanction. This relief is denied without prejudice to a re-filed petition addressing the disciplinary sanction. *See, e.g., Credico v. Warden, FCI-Allenwood Medium*, No. 3:18-CV-465, 2019 WL 418428, at *6 (M.D. Pa. Feb. 1, 2019). Green is advised that, as with the instant petition, petitioners must generally exhaust administrative remedies before challenging a

disciplinary sanction under section 2241. *See, e.g., Rivera-Lebron v. Rectenwald*, 525 F. App'x 113, 115 (3d Cir. 2013).

Accordingly, **IT IS HEREBY ORDERED THAT**:

1.      The petition (Doc. 1) is **DISMISSED** without prejudice.

2.      The petitioner's motion for leave to file a supplemental pleading (Doc. 9) and "combined motion to expedite and motion for immediate injunctive relief" (Doc. 11) are **DENIED**.

3.      The Clerk is **DIRECTED** to close this case.


Dated: March 13, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge